UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MARING, et al.,

          Plaintiffs,

    v.

PG ALASKA CRAB INVESTMENT CO., LLC, et al.,

          Defendants.

CASE NO. C05-326JLR

ORDER

    This matter comes before the court on a motion for summary judgment from Defendants James Paduano and Charles Greenberg (Dkt. # 86), a motion to amend the pleadings from Plaintiffs (Dkt. # 102), and a motion to compel discovery from Plaintiffs (Dkt. # 104). All motions revolve around Plaintiffs' efforts to ensure that Mr. Greenberg and Mr. Paduano remain potentially liable to them.

    The court has summarized the facts underlying this action in several prior orders, and will not repeat the summary here.

    This is a claim for breach of contract. The contracting Defendant is PG Alaska Crab Investment Company ("PG Alaska"), a limited liability company. In both their

ORDER – 1

motion to amend the pleadings[1] and their opposition to the instant summary judgment motion, Plaintiffs attempt to recast their claim as one for fraud against Mr. Greenberg and Mr. Paduano, the two principal shareholders of PG Alaska.

The court finds Plaintiffs' efforts unavailing. In their attempts to state a claim for "promissory fraud," Plaintiffs do nothing more than assert that Mr. Greenberg and Mr. Paduano had personal involvement in deciding how to interpret the contract between the parties and how PG Alaska would perform on that contract. This is to be expected, as a corporation can only act through its officers. Plaintiffs' allegations amount to a claim that whenever the individuals responsible for a company's performance under a contract interpret their performance obligations differently than the other party to the contract, the officers of the company are liable for fraud. Plaintiffs have no authority that supports this assertion.

Despite Plaintiffs' fruitless effort to state a fraud claim, however, Mr. Greenberg and Mr. Paduano are not immune from potential liability. Plaintiffs may be able to pierce the PG Alaska corporate veil.[2] The court is convinced that the evidence of record, in addition to evidence that may have been acquired in recent depositions of Mr. Greenberg and Mr. Paduano, could potentially support a claim that Mr. Greenberg and Mr. Paduano are the alter ego of PG Alaska. The court takes no view on the merits of that claim, but finds that Plaintiffs may, at trial, be able to demonstrate that Mr. Greenberg and Mr. Paduano are personally liable for any judgment against PG Alaska. Thus, while the court

---

[1] As Defendants correctly note, Plaintiffs' motion to amend is grossly untimely. Putting aside the legal merits of the motion, the court finds no justification for filing this motion so late. Trial in this action is only three months away.

[2] In considering Plaintiffs' piercing theory, the court has applied Washington law as set forth in Defendants' motion for summary judgment. The court need not decide here if Washington law applies.

ORDER – 2

finds it unnecessary to permit an amendment of the pleadings to expressly add "piercing" allegations,[3] it will permit the Plaintiffs to pursue a piercing theory of liability.

The court turns finally to Plaintiffs' motion to compel, in which they seek discovery relevant to their piercing theory.  Plaintiffs claim that Defendants have provided inadequate responses to three requests for production of documents.  The court has reviewed the documents, and concludes that they seek documents that are relevant to Plaintiffs' effort to pierce the PG Alaska corporate veil.  Defendants shall provide all documents responsive to these requests within two weeks of this order.

As set forth in this order, the court grants Defendants' motion for summary judgment as to all theories of liability except piercing the corporate veil.  The court therefore GRANTS the motion (Dkt. # 86) in part, and DENIES it in part, and notes that Mr. Paduano and Mr. Greenberg remain as Defendants in this action.  The court DENIES Plaintiffs' motion to amend the complaint (Dkt. # 102).  The court GRANTS Plaintiffs' motion to compel (Dkt. # 104).

Dated this 25th day of April, 2006.

JAMES L. ROBART
United States District Judge

---

[3] Plaintiffs' complaint repeatedly asserts that Mr. Greenberg and Mr. Paduano controlled PG Alaska, and that they are liable under the contract-in-suit.  This is sufficient in a liberal pleading regime to put the individual Defendants on notice that they faced indirect or vicarious liability.  Even if Plaintiffs were required to amend their pleadings, the court would grant leave to amend absent a much stronger demonstration of prejudice.  See Holley v. Crank, 400 F.3d 667, 675 (9th Cir. 2005).

ORDER – 3