UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MARING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PG ALASKA CRAB INVESTMENT CO., LLC, et al., <br><br> Defendants. | CASE NO. C05-326JLR <br><br> ORDER |

This matter comes before the court on Defendants' motion for reconsideration (Dkt. # 121) of the court's April 25, 2006 order (Dkt. # 120). Defendants seek reconsideration of the portion of the order that permitted Plaintiffs to proceed with their effort to pierce the corporate veil of Defendant PG Alaska Crab Investment Co., LLC ("PG Alaska") to hold Defendants James Paduano and Charles Greenberg personally liable in this action.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the

ORDER – 1

attention of the court earlier, through reasonable diligence. Because Defendants have not made either showing with regard to the court's order, the court DENIES the motion.

The court must still decide, however, how to address Plaintiffs' veil-piercing theory. Defendants have shown that the Plaintiffs have now, in the wake of the court's April 25 order, obtained all discovery from which they can adduce evidence to support a veil-piercing claim. Defendants contend that the evidence is insufficient as a matter of law. The deadline for dispositive motions, however, has passed in this action. Both parties are to blame for allowing the veil-piercing theory to go unresolved. Plaintiffs unreasonably failed to provide Defendants with more explicit notice of their theory. Defendants unreasonably refused to provide discovery relevant to the theory, banking on their mistaken belief that the court would not permit Plaintiffs to pursue veil-piercing allegations. Ultimately, the court prefers to determine if the veil-piercing allegations are triable rather than risk wasting a jury's time on a meritless claim.

The court directs the clerk to treat the instant motion for reconsideration as a motion for summary judgment, and to note the motion for May 26, 2006. Plaintiffs' opposition to the motion is due by May 22, 2006.

Dated this 10th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 2